# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHAWN J. GIESWEIN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-19-00883-PRW |
| ) | |
| STATE OF OKLAHOMA, ) | |
| ) | |
| Respondent. ) | |

## ORDER

Petitioner *pro se*, Shawn J. Gieswein, has filed a Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (Dkt. 1) seeking a writ of habeas corpus. Petitioner is currently serving a 240-month sentence of imprisonment pursuant to a guilty verdict entered in Case No. 5:07-cr-00120-F in the U.S. District Court for the Western District of Oklahoma on charges of witness tampering and being a felon in possession of a firearm. But before he was incarcerated, Petitioner was charged with assault and battery of a police officer in state court, Case No. CF-2008-3772 in the District Court of Oklahoma County, State of Oklahoma. By this action, Petitioner alleges that he has tried for the past three years to resolve the state criminal case through "multiple notices for a speedy trial in Oklahoma county court" and a filings with the Oklahoma Court of Criminal Appeals,[1] but that the state courts have refused either to adjudicate the charge—thereby violating his

---

[1] Pet. for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (Dkt. 1) at 1.

speedy trial rights under the federal Constitution and Oklahoma law[2]—or to dismiss the information—thereby violating Articles III and IV of the Interstate Agreement on Detainers Act (IADA).[3] He claims that he has exhausted all state-court remedies in an effort to resolve the matter. As relief, Petitioner seeks an order from this Court dismissing the state charges with prejudice.

Consistent with 28 U.S.C. § 636(b)(1)(B), this case was referred to U.S. Magistrate Judge Bernard M. Jones. Magistrate Judge Jones has issued a Report and Recommendation recommending that the Court summarily dismiss the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (Dkt. 1) because Petitioner has failed to demonstrate that he has exhausted available state-court remedies or that such exhaustion is futile and because Petitioner is still actively pursuing state-court remedies. Petitioner was advised of his right to object on or before December 26, 2019, which he exercised by filing an Objection (Dkt. 10) on December 16th. The Court must resolve his objections by "mak[ing] a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."[4] Only after that may the Court "accept, reject or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."[5]

---

[2] *See* U.S. Const. amend. VI; Okla. Stat. tit. 22, § 812.1–812.2 (2011).

[3] 18 U.S.C. App. 2, § 2, arts. III–IV (2012); Okla. Stat. tit. 22, § 1347, arts. III–IV (2011).

[4] 28 U.S.C. § 636(b)(1); *see* Fed. R. Civ. P. 72(b)(3).

[5] 28 U.S.C. § 636(b)(1).

Petitioner has also filed a document entitled "Writ of Mandamus" (Dkt. 11), stating that the pending state-court charge is affecting his custody level in federal prison and his ability to obtain a half-way house release, advising the Court that a second petition for writ of mandamus filed with the Oklahoma Court of Criminal Appeals has been denied, and requesting the same relief sought in his Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (Dkt. 1), i.e., an order from this Court dismissing the state charges with prejudice.

For the reasons discussed below, the Court overrules Petitioner's Objection (Dkt. 10), accepts the Magistrate Judge's Report and Recommendation (Dkt. 9), summarily dismisses the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (Dkt. 1) without prejudice for failure to exhaust state-court remedies, and dismisses the petition for Writ of Mandamus (Dkt. 11) pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) on grounds that it fails to state a claim upon which relief may be granted and is legally frivolous.

Turning to the Objection (Dkt. 10), Petitioner first argues that the Magistrate Judge "made several errors in facts" that should lead to a different recommendation.[6] First, Petitioner apparently believes that the Magistrate Judge represented him to be a state prisoner, as he found it important to clarify that he "is not a State Prisoner" but "is incarcerated in a Federal Prison and is in Federal custody."[7] Second, Petitioner fails to

---

[6] Obj. (Dkt. 10) at 1.

[7] *Id.*

disclose any mistake on the part of the Magistrate Judge but clarifies that he "filed numerous motions in the State courts over a three year period," all of which have received no response from the state courts.[8] Regarding the first alleged mistake, the Magistrate Judge was quite clear in the first sentence of his Report and Recommendation (Dkt. 9) that "Petitioner[ is] a federal prisoner."[9] Moreover, the fact that Petitioner is in federal prison is apparent from the recitation of the factual background, which discloses that "the Oklahoma County District Attorney lodged a detainer with federal officials."[10] To the extent that Petitioner believes the exhaustion-of-state-remedies requirement only applies to state prisoners and has therefore been improperly applied to him,[11] Tenth Circuit precedent makes clear that even federal prisoners must exhaust state court remedies in this type of scenario.[12] Regarding the second alleged error, the Report and Recommendation already states that "Petitioner has filed numerous motions in state court seeking dismissal of the charges and those motions are still pending."[13] Thus, the Court finds there is no

---

[8] *Id.*

[9] R. & R. (Dkt. 9) at 1.

[10] *Id.* at 2.

[11] *See* Mem. (Dkt. 8) at 2 ("The Tenth Circuit has recently reiterated, [a] state prisoner, (Mr. Gieswein is not a state prisoner, but in Federal custody) **GENERALLY** must exhaust available state-court remedies before a federal court can consider a habeas corpus petition.").

[12] *See, e.g., Knox v. Wyoming*, 959 F.2d 866, 868 (10th Cir. 1992) ("Petitioner is serving a five-year federal sentence . . . . We agree with the district court that Petitioner has failed to exhaust his state remedies." (citing *Martens v. Shannon*, 836 F.2d 715, 716–18 (1st Cir. 1988); *Dickerson v. Louisiana*, 816 F.2d 220, 224–29 (5th Cir. 1987); *Cain v. Petrovsky*, 798 F.2d 1194, 1195 (8th Cir. 1988))).

[13] R. & R. (Dkt. 9) at 3.

factual error contained in the Report and Recommendation (Dkt. 9), and Petitioner's objection on such basis is overruled.

Otherwise, Petitioner's Objection (Dkt. 10) simply reiterates his arguments that he has sufficiently exhausted his state-court remedies and that any further pursuit of available state court remedies would be futile. Such arguments were already made in Petitioner's Memorandum (Dkt. 8) filed in response to the Show Cause Order (Dkt. 7) and already addressed in the Magistrate Judge's Report and Recommendation (Dkt. 9).[14] This is not a proper objection. "An 'objection' that merely reargues the underlying motion is little different than an 'objection' that simply refers the District Court back to the original motion papers; both are insufficiently specific to preserve the issue for *de novo* review."[15] In the absence of a proper objection, the Court reviews the Magistrate Judge's recommendation to satisfy itself that there is no clear error on the face of the record.[16]

Whether reviewing for clear error or conducting a de novo review, the Court finds no error with the Magistrate Judge's decision. It does appear Petitioner is having some difficulty obtaining a hearing or a ruling from the state district court. But to exhaust his

---

[14] *See id.* ("Petitioner . . . essentially asks the Court to find exhaustion futile because the state courts will not respond to his motions."); Mem. (Dkt. 8) at 2–3 ("Mr. Gieswein has gave [sic] the state courts amply [sic] opportunity to apply controlling legal principles to the facts bearing upon his constitutional federal claim. . . . This court needs to explain what exhaustion of remedies that Mr. Gieswein has not taken in light of all the motions to the Oklahoma County District Court and the Oklahoma Court of Criminal Appeals. The record clearly shows that Mr. Gieswein has filed all exhaustive remedies in both State Courts.").

[15] *Vester v. Asset Acceptance, L.L.C.*, No. 1:08-cv-01957-MSK-LTM, 2009 WL 2940218, at *8 (D. Colo. Sept. 9, 2009) (citing *United States v. One Parcel of Real Prop.: 2121 E. 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996)).

[16] *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).

state-court remedies, Petitioner needs to file a petition for writ of mandamus with the Oklahoma Court of Criminal Appeals that complies with all applicable rules, including those specified in that court's two previous orders[17]—i.e., Petitioner must give notice to the adverse party pursuant to Rule 10.3 of the Rules of the Court of Criminal Appeals and Petitioner must demonstrate that he "has been denied relief in the District Court" pursuant to Rule 10.1(A).[18] Accordingly, the Court accepts the Magistrate Judge's Report and Recommendation (Dkt. 9) that the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (Dkt. 1) be summarily dismissed without prejudice.

Regarding Petitioner's Writ of Mandamus (Dkt. 11), it appears to be frivolous insofar as it fails to state a claim upon which relief can be granted and seeks the very same relief sought in his Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (Dkt. 1). The remedy of mandamus is limited by federal statute to actions brought in the federal district courts "to compel an officer or employee of the United States or any agency

---

[17] *See* Order Declining Jurisdiction, No. MA-2019-0899 (Okla. Crim. App. Dec. 23, 2019); Order Declining Jurisdiction, No. MA-2018-0938 (Okla. Crim. App. Sept. 26, 2018).

[18] That second requirement does not necessarily require Petitioner to demonstrate that the state district court has given him a hearing and denied the relief he's been requesting all along; instead, Petitioner is only required to demonstrate that he has been filing notices and motions with the state district court for three years now and has not been given a hearing. *See, e.g.*, *State ex rel. Boatman v. Payne*, 1953 OK CR 74, 257 P.2d 842, 844 (syllabus) ("Mandamus lies in behalf of the state only to keep the trial court within its jurisdiction and to compel it to act when it refuses to do so."); *cf. Webber v. Dist. Ct. of Tulsa Cty.*, 1995 OK CR 23, ¶ 7, 895 P.2d 728, 730 ("[W]e clearly view the writ of mandamus to be appropriate to require a district judge to rule upon a pending discovery motion which is ripe for decision. In this case, Petitioner has had several discovery motions pending which the District Court has not ruled upon. . . . A district court's failure to timely rule upon discovery motions is a matter which may be addressed and remedied by a writ of mandamus.").

therefore to perform a duty owed to the plaintiff."[19] Petitioner seeks mandamus relief not against any federal official or agency but against state court officials who so far have not exercised their discretion to dismiss with prejudice the state charge pending against him. Plaintiff has not alleged any duty or obligation owed to him by a federal official or agency, and this Court is without jurisdiction to entertain his petition seeking mandamus relief.[20] Therefore, the petition for Writ of Mandamus (Dkt. 11) should be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) on grounds that it fails to state a claim for relief and is legally frivolous. Petitioner is notified that a dismissal of this petition for writ of Mandamus as legally frivolous constitutes one "strike" pursuant to 28 U.S.C. § 1915(g).

Accordingly, the Court:

(1) **ADOPTS** the Report and Recommendation (Dkt. 9) issued by the Magistrate Judge on December 5, 2019;

(2) Summarily **DISMISSES WITHOUT PREJUDICE** the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (Dkt. 1) filed September 23, 2019, for failure to exhaust state-court remedies; and

(3) **DISMISSES** the petition for Writ of Mandamus (Dkt. 11) filed March 30, 2020, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted and as legally frivolous.

---

[19] 28 U.S.C. § 1361.

[20] *See Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011) ("To the extent that [Mr. Knox] is seeking relief in the nature of mandamus, ordering Defendants to take action in their capacities as state judges, '[w]e have no authority to issue such a writ to direct state courts or their judicial officers in the performance of their duties.'" (second alteration in original) (quoting *Van Sickle v. Holloway*, 791 F.2d 1431, 1436 n.5 (10th Cir. 1986))).

The Plaintiff is advised that the dismissal of his claim for mandamus relief counts as one prior occurrence or strike under 28 U.S.C. § 1915(g).[21]

**IT IS SO ORDERED this 7th day of April, 2020.**

PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

[21] *Cauthon v. Rogers*, 116 F.3d 1334, 1336–37 (10th Cir. 1997).